GORDON v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Term.　April 24, 1905.)

STREET RAILROADS—INJURIES TO PASSENGER — NEGLIGENCE — QUESTION FOR JURY.

　　Evidence in an action against a street railway company for injuries sustained to a passenger while alighting, by reason of the starting of the car, examined, and *held* that the question of the company's negligence was for the jury.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Max Gordon against the Nassau Electric Railroad Company.　From a judgment for defendant, plaintiff appeals.　Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Herman Gottlieb, for appellant.

George D. Yeomans (H. F. Ives, of counsel), for respondent.

LEVENTRITT, J.　This is the ordinary action of a passenger suing a railroad company to recover damages for injuries sustained by him as a result of the negligent starting of a car before he had enjoyed a reasonable opportunity to alight.　According to the testi-

mony of the plaintiff and his two witnesses (fellow passengers), the car had at their request come to a standstill, and, after his companions had stepped down, the plaintiff, in his attempt to follow, fell, and was injured. At the close of the plaintiff's case the justice discharged the jury, and dismissed the complaint on the ground that "there had been no proof whatever that the car threw him." Bearing upon the cause of the accident, the record discloses the following direct testimony by the plaintiff:

"Q. Did you, or any of your fellow workmen, who were with you on that car, say anything to the conductor before the car reached the corner of the boulevard? A. Sure; we told him to stop. Q. Now, as the car reached the boulevard, what did the car do? A. It stopped. Q. Now, as the car stopped, what did you and your fellow workmen do? A. Started to go down. Q. Who went down first? A. I was the last one. I was sitting at the other side. Q. Go on now and tell us. A. I went down last. Q. Go ahead and tell us what happened to you when you went down last. A. I started to go down, and did not get a chance to get down, and I put one foot down on the step, and rang the bell, and the car went off. Q. You rang the bell? A. No; he rang the bell. Q. How many bells did you hear around at the time the car started away? A. Twice. Q. The bell rang twice? A. Yes. Q. And what happened to you as the car started away? A. I fell down."

While the testimony of one of the workmen who was with the plaintiff was contradictory, he swore that "he [the plaintiff] put his right foot down, and as he put his one foot down, and held his other foot on the step, the bell rang, and the car went forward, and he fell backwards on his head." Substantially to the same effect was the testimony of the remaining witness.

As the jury would have been justified in concluding that the premature, negligent starting of the car was the direct cause of the plaintiff's fall, the question should have been submitted to it. The improbabilities of the plaintiff's case, taken as a whole, were for it, not the court, to pass upon.

The judgment must be reversed, and a new trial ordered.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event. All concur.